### H. G. Kidd v. Frank White.

1. INSTRUCTION—*when refusal of, upon right of recovery erroneous.* It is error to refuse to instruct the jury that if the plaintiff has proved his case, as·alleged in the declaration, by a preponderance of the evidence, he is entitled to recover.

2. INSTRUCTION—*when places upon plaintiff excessive burden of proof.* An instruction which tells the jury that the plaintiff, to recover, must "prove every material allegation of the *case*," is erroneous, in substantially requiring the plaintiff to prove not only the allegations of his declaration, but to disprove the contentions interposed by way of defense.

Assumpsit. Appeal from the Circuit Court of Vermilion county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at

the May term, 1907. Reversed and remanded. Opinion filed December 7, 1907.

KEESLAR & GUNN, for appellant.

BUCKINGHAM & TROUP, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in *assumpsit* by appellant Kidd against appellee White, by which he seeks to recover commissions alleged to be due him for services in effecting the sale of White's farm. The jury returned a verdict in favor of the defendant and the court rendered judgment upon the same. An appeal from such judgment is prosecuted by Kidd. The declaration charges and the evidence discloses that on December 13, 1905, White and Kidd entered into a written contract under which White employed Kidd to sell the farm, his compensation to be a commission of two per cent. of the selling price. The contract by its terms was to be irrevocable for the period of two months from the date of its execution, and was thereafter to remain in force until revoked in writing. No selling price was specified in the contract but it was understood that all offers were to be submitted to White for his acceptance or otherwise. The evidence shows that after the making of the contract Kidd succeeded in securing an offer from one Nesbitt to pay $100 an acre for the property, which offer was submitted to White and by him refused. On or about February 15, 1906, some further negotiations were had between White and Kidd as the result of which White claims the contract was cancelled and abandoned by mutual consent. Kidd, on the contrary, testified that no such agreement was made. On February 20, 1906, White sold the farm to Nesbitt for $105 per acre, whereupon Kidd instituted the present suit. Whether or not the contract was cancelled by mutual consent was the only controverted question of fact involved in the case.

Upon this issue the burden of proof was manifestly upon White. The testimony of the parties was in direct conflict, and that of neither was materially corroborated. In this state of the proof it was imperative that the jury should have been correctly advised as to the rules of evidence applicable. The trial court refused to give the fourth instruction offered by appellant which in effect told the jury that if the plaintiff had proved his case as alleged in the declaration, by a preponderance of the evidence, he was entitled to a verdict. This instruction correctly stated the law and should have been given. Its refusal was rendered especially prejudicial by the giving of the second instruction offered by appellee, which told the jury that the burden was upon the plaintiff "to prove every material allegation in the case." By the latter instruction the jury may have been led to believe that the plaintiff was bound to prove by the greater weight of the evidence not only the averments of the declaration but also that the contract had not been cancelled and abandoned prior to the sale. While other given instructions correctly stated the law, in view of the closeness of the evidence upon the issue, we are not satisfied that the jury were not misled to the prejudice of appellant.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*